# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARRYLE POLLACK, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 04 C 5613 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Martin C. Ashman |
| ROSALIND FRANKLIN UNIVERSITY ) | |
| f/k/a FINCH UNIVERSITY/ ) | |
| CHICAGO MEDICAL SCHOOL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendant, Rosalind Franklin University of Medicine and Science ("Rosalind Franklin"), for reconsideration of this Court's memorandum opinion and order entered on October 6, 2006.[1] Plaintiffs, Darryle Pollack, et al. ("Plaintiffs"), also filed a motion to correct Judge Gottschall's dismissal order under Federal Rule of Civil Procedure 60(a) and 60(b)(6). The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c) ; Local R. 73.1(a). For the reasons that follow, the Court grants Rosalind Franklin's motion, and it denies Plaintiffs' motion.

---

[1] The opinion was dated October 4 and entered on October 6. For consistency, the Court identifies the opinion by reference to the October 6 entry date.

## I. Background

Plaintiffs are breast cancer survivors who had been involved in a study conducted by Rosalind Franklin to attempt to find a cure for breast cancer. As part of this study, Plaintiffs were to receive the "Springer vaccine." When Rosalind Franklin decided to end the study–which would stop the administration of the Springer vaccine–Plaintiffs brought this suit in an attempt to continue receiving the vaccine. The parties settled the case in late 2004 and entered into a confidential settlement agreement. On December 21, 2004, the parties filed an "Agreed Motion for a Stipulated Order to Dismiss," to which a "Stipulated Order to Dismiss" was attached. (Dkt. No. 50.) On December 22, 2004, Judge Gottschall entered the parties' Stipulated Order to Dismiss, which states, "This matter is dismissed with prejudice as the parties have agreed to resolve and settle all matters, with each party bearing its own costs." (Dkt. No. 51.)

In the course of events that followed, Plaintiffs returned to this Court on a motion to enforce the terms of the settlement agreement. On October 6, 2006, this Court issued a memorandum opinion and order granting Plaintiffs' motion. Rosalind Franklin then filed this motion for reconsideration of the Court's October 6 memorandum opinion and order.

Rosalind Franklin's motion makes several arguments, all but one of which the Court disposed of and overruled in open court. Presently, the only outstanding issue relates to the Court's subject matter jurisdiction over the enforcement of the settlement agreement. Rosalind Franklin argues that Judge Gottschall's order does not explicitly retain the Court's jurisdiction over the enforcement of the settlement agreement and does not incorporate the terms of the settlement agreement, which amounts to the Court's lack of subject matter jurisdiction to enforce the settlement agreement. Plaintiffs deny this argument. Plaintiffs also filed a motion along with

their Response to Rosalind Franklin's motion, arguing that the Court should amend Judge Gottschall's order under Federal Rule of Civil Procedure 60(a) and (b)(6) so that the dismissal order more explicitly retains jurisdiction to enforce the settlement agreement. For the reasons that follow, the Court finds that it does not have subject matter jurisdiction over the enforcement of the terms of the settlement agreement, and the Court does not amend Judge Gottschall's dismissal order.

## II. Discussion

### A. Motion to Reconsider

Federal Rule of Civil Procedure 12(h)(3) directs the Court to dismiss an action at any time when the Court lacks subject matter jurisdiction, whether it is the parties or the Court who recognizes the lack of jurisdiction. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1240 (2006). A party may not waive a defect in subject matter jurisdiction. *United States v. Griffin*, 303 U.S. 226, 229 (1938). In the context of the present issue, the fact that the Court had jurisdiction over the underlying suit does not itself support ancillary jurisdiction over the enforcement of the settlement agreement. The Supreme Court has stated that the enforcement of a settlement agreement "requires its own basis for jurisdiction," and that it is not simply a continuation or renewal of the original (dismissed) suit. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). *Kokkonen* makes clear that a district court does not have jurisdiction over disputes that arise out of a simple stipulation to dismiss a case. *Id. Kokkonen* also provides several ways in which a district court could retain jurisdiction to enforce the settlement agreement under ancillary jurisdiction. A district court could retain ancillary jurisdiction over a

suit that was settled and dismissed if the terms of the settlement agreement are "made part" of the dismissal order. This, the Court said, could be done by "incorporating the terms of the settlement agreement in the order," or by including a provision in the order that retains jurisdiction over the settlement agreement. *Id.* at 381. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.* The Court also stated that the district court has the discretion in a dismissal pursuant to Rule 41(a)(2) to include the parties' compliance with the settlement agreement as one of the terms in the order. *Id.*

The Seventh Circuit has addressed this issue several times since *Kokkonen*, and for the purposes of this motion its decisions are all in accord with *Kokkonen*. While confusion exists as a result of these decisions as far as what language a trial judge must employ to ensure that the district court retains jurisdiction, all cases acknowledge that a dismissal order that neither states that the court retains jurisdiction nor refers to the settlement agreement explicitly nor incorporates any of the settlement's terms does not retain the district court's jurisdiction. *See, e.g., Hill v. Baxter Healthcare Corp.*, 405 F.3d 572 (7th Cir. 2005); *In re VMS Sec. Litig.*, 103 F.3d 1317 (7th Cir. 1996); *Lucille v. City of Chicago*, 31 F.3d 546 (7th Cir. 1994). "A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (emphasis in original). *See also McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985) ("There must be a deliberate retention of jurisdiction, as by issuing an injunction or stating that jurisdiction is retained for a particular purpose.").

Here, Judge Gottschall's dismissal order states in its entirety:

> Stipulated Order to Dismiss. This matter having come to be heard on the Motion of all parties for the Entry of a Stipulated Order to Dismiss, due notice hereof having been given, and the Court being fully advised in the premises: IT IS HEREBY ORDERED: This matter is dismissed with prejudice as the parties have agreed to resolve and settle all matters with each party bearing its own costs.

(Dkt. No. 51.) The parties' agreed motion states in its entirety:

> Agreed Motion for a Stipulated Order to Dismiss. The plaintiffs, by and through their attorney THOMAS CRONIN, and the Defendants, by and through their attorneys, Robert P. Vogt and WELDON-LINNE & VOGT, move this Court to enter the attached Stipulated Order to Dismiss. The parties have agreed to resolve and settle all matters involved in this litigation.

(Dkt. No. 50.) This dismissal order makes no attempt to make the settlement agreement part of the dismissal order. It does not incorporate any of the settlement's terms, and no provision purports to retain the Court's jurisdiction over enforcement of the settlement agreement. Because this dismissal is "with prejudice" it is a final order. Thus, the Court ceased to have subject matter jurisdiction over this matter when this order was entered.

The Court must therefore have an independent basis for jurisdiction over the enforcement of the settlement agreement in order to save this motion to enforce from dismissal. The original basis for jurisdiction in the underlying matter was the existence of a federal question. With the dismissal, that federal question is gone, and the dispute over the settlement agreement is all that remains. A dispute over the enforcement of a settlement agreement is based on contract law, which is a state action. *See Lynch*, 279 U.S. at 489. Thus, no federal question jurisdiction currently exists. Diversity jurisdiction is not present in this case because some of the Plaintiffs and the Defendant are Illinois citizens. Because neither diversity nor federal question jurisdiction

is present, the Court must vacate its October 6 memorandum opinion and order for lack of subject matter jurisdiction.

Plaintiffs make several arguments in support of their contention that the Court has subject matter jurisdiction. First, Plaintiffs argue that the dismissal order "explicitly embodies the settlement contract." (Pl.'s Resp. at 3 (citing *Kokkonen*, 511 U.S. at 381-82)). Plaintiffs reason that the agreement that the order "refer[s] to"–i.e., the settlement agreement–explicitly states that all disputes arising from the fulfillment of the terms of the settlement agreement "must be brought before Magistrate Judge Martin Ashman in the United States District Court in Chicago, Illinois." (*Id.*) In other words, Plaintiffs argue that by referring to the fact that the parties have agreed to settle, the dismissal order incorporates the terms of the settlement agreement, including the parties' agreement in the settlement agreement that a magistrate judge will hear disputes regarding the fulfillment of the settlement agreement.

In its Supplemental Response, Plaintiffs build on their argument by suggesting that *Kokkonen* does not require a dismissal order to include specific language in order for the court to retain jurisdiction over the settlement agreement. (Pl.'s Supplemental Resp. at 2-4.) Plaintiffs then attempt to distinguish *Kokkonen* by pointing out that *Kokkonen* "did not so much as refer to the settlement agreement," whereas Judge Gottschall's dismissal order states that "the parties have agreed to resolve and settle all matters." (Pl.'s Supplemental Resp. at 3 (citing *Kokkonen*, 511 U.S. at 377; Dismissal Order, Dec. 22, 2004).) Plaintiffs then cite *McCall-Bey*, which states that no particular language must be used for the court to retain jurisdiction, but that jurisdiction

may be retained where the Court can infer that the judge dismissing the case intended to retain jurisdiction rather than dismissing the case "outright." (*Id.* (citing *McCall-Bey*, 777 F.3d at 1188).)

Despite Plaintiffs' argument, the Court does not agree that Judge Gottschall's dismissal order refers to the settlement agreement. Although the dismissal order does mention that the parties "agreed to resolve all matters," this language does not explicitly mention a discrete agreement containing particular terms. The order neither incorporates the terms of the settlement agreement by reference to the settlement agreement itself nor explicitly lists terms of the settlement agreement. Thus, although the settlement agreement does assume that this Court retains jurisdiction (as the agreement specifically states that disputes will be heard by Magistrate Judge Ashman), the dismissal order itself does not indicate–either explicitly or by reference to the settlement agreement–that the Court retains jurisdiction.

In finding that the Court does not have subject matter jurisdiction, the Court does not hold that a dismissal order must contain specific "magic words" in order to retain jurisdiction. The Court instead finds that the dismissal order here does not contain *any* words that would suggest Judge Gottschall's intent to retain jurisdiction. By stating that "the matter is dismissed with prejudice" without specifically retaining jurisdiction, the order demonstrates that Judge Gottschall did not intend to retain jurisdiction. What is more, *McCall-Bey* states that "[t]here must be a deliberate retention of jurisdiction, as by issuing an injunction or stating that jurisdiction is retained for a particular purpose." 777 F.2d at 1190. *McCall-Bey* was pre-*Kokkonen*, but was effectively affirmed in *Kokkonen*. *See Lucille*, 31 F.3d at 548. In this

case, the dismissal order included no deliberate retention of jurisdiction, and it did not issue an injunction or retain jurisdiction for a particular purpose.

Plaintiffs also point out that the parties have continued to recognize the Court's subject matter jurisdiction since the dismissal order was entered on December 22, 2004. (Pl.'s Resp. at 4.) Plaintiffs support this by highlighting the consent order the parties signed on August 31, 2006, whereby they consented to the jurisdiction of a magistrate judge, and by the fact that the case had erstwhile been a state case until Plaintiffs removed it to federal court. (*Id.*) Plaintiffs seem to suggest that the parties and the Court operated under the assumption that the Court has jurisdiction, and for this reason the Court should find here that subject matter jurisdiction exists.

Although the facts Plaintiffs point out are true in themselves, they do not amount to the Court's having subject matter jurisdiction. Plaintiffs' argument rests on the idea that, by agreeing to the Court's subject matter jurisdiction, or by acquiescing to the exercise of the Court's jurisdiction, the parties can waive the defect in subject matter jurisdiction. As stated above, subject matter jurisdiction cannot be waived by any party. No estoppel-type argument suggesting tacit approval of exercised jurisdiction will create subject matter jurisdiction where there is none. For these reasons, the Court grants Rosalind Franklin's motion to reconsider the October 6 memorandum opinion and order, and the Court vacates that order.

### B. Motion to Amend

The Court next addresses Plaintiffs' motion to amend the December 22, 2004 dismissal order under Federal Rules of Civil Procedure 60(a) or 60(b)(6), in order to make the dismissal order "explicitly provide that this court retain jurisdiction to enforce the parties' settlement."

(Pl.'s Mot. at 1.) Rule 60(a) states, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time . . . ." Fed. R. Civ. P. 60(a). If a mistake exists in the translation of the original meaning, such that the judgment does not accurately convey the original meaning the Court intended, Rule 60(a) allows the Court to change the judgment. If the translation accurately conveys the original meaning, but the original meaning was "infected by error," Rule 60(a) does not allow the Court to change the judgment. *Klingman v. Levinson*, 877 F.2d 1357, 1360-61 (7th Cir. 1989). Rule 60(a) applies where the errors spring from "transcription, copying, or calculation." *Id.* at 1361. In other words, the errors "must be 'in the nature of a clerical' mistake." *United States v. Ziola*, No. 79 CV 4923, 2001 WL 292886, at *2 (N.D. Ill. Mar. 23, 2001) (quoting *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1045 (5th Cir. 1984)).

The Court finds Rule 60(a) to be inapplicable in this case. Plaintiffs' Rule 60(a) motion is very similar to the strategy the Seventh Circuit rejected in *Blue Cross and Blue Shield Ass'n v. American Express Co.*, No. 05-4004, 2006 WL 3055950 (7th Cir. Oct. 30, 2006). There, after the parties had settled their dispute, one party alleged that the other party had breached the settlement agreement. To ensure that it had jurisdiction to enforce the settlement agreement, the district court invoked Rule 60(a) in order to change the dismissal order to incorporate the terms of the settlement agreement. The Seventh Circuit did not agree with the change under Rule 60(a). Recognizing that the failure to account for *Kokkonen* and its progeny was a legal mistake rather than a transcription error, the court stated that "[t]he past cannot be rewritten; Rule 60(a) allows a court to correct records to show what *was* done, rather than change them to reflect what *should have been* done." *Id.* at *2 (emphasis in original). Likewise, here the error was in failing

to include explicit language that would retain the Court's jurisdiction, and this is a legal error and not a transcription error.

The Court recognizes that the present situation is difficult because the parties stated on the record that they intended for this Court to retain jurisdiction over the settlement agreement, and that the settlement agreement itself recognizes as much. In addition, the Court acknowledges that, not only did the parties fail to ensure that the dismissal order contained language retaining the Court's jurisdiction and fail previously to inform the Court of the jurisdictional problem, but also the Court did not *sua sponte* discover the lack of subject matter jurisdiction when it entered the several orders that followed the entry of the dismissal order. That said, the Court cannot shoehorn this situation into Rule 60(a)'s sphere of application. The Court can find no transcription error—the parties stipulated to Judge Gottschall's entry of the dismissal order, and it was entered exactly as the parties stipulated. With this in mind, while cases advise the Court to consider the intent of the court entering the judgment purportedly in error, *see, e.g., Klingman,* 877 F.2d at 1361; *Ziola,* 2001 WL 292886, at *3, the Court finds that the dismissal order accurately conveys the intentions of Judge Gottschall. Judge Gottschall's action in entering the dismissal order was simply entering an order to which the parties themselves stipulated. Plaintiffs point to the record before this Court following the settlement conference, in which the parties state that they intend for this Court to retain jurisdiction, in order to argue that the dismissal order's lack of an attempt to retain the Court's jurisdiction was not what the parties intended. This suggests legal error on the part of the parties, rather than transcription error, because no evidence suggests that the parties attempted to stipulate to the entry of an order that

included a provision reserving this Court's jurisdiction. Thus, the Court denies Plaintiffs' motion to amend pursuant to Rule 60(a).

Plaintiffs finally argue that the Court should amend the dismissal order pursuant to Rule 60(b)(6). Rule 60(b)(6) states that the Court may amend a final judgment or order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The remedy available under Rule 60(b) is extraordinary and is available only in extraordinary circumstances. *See Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995). The decision as to whether the circumstances in a given case are extraordinary is within the sound discretion of the Court. Notably, while the application of Rule 60(b) in general calls for extraordinary circumstances, the application of Rule 60(b)(6) in particular calls for circumstances that are particularly extraordinary. *See Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004) ("[Because] the first five subsections [of Rule 60(b)] . . . cover the waterfront[,] [t]he only work left for [Rule 60(b)(6)] to do is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are 'extraordinary.'"); *Barnes v. City of Chicago*, No. 98 C 5590, 2000 WL 1745180, at *6 (N.D. Ill. Nov. 27, 2000) ("Resort to [Rule 60(b)(6)] is even more highly circumscribed than the other clauses, which are already limited in application to extraordinary circumstances." (citation omitted)). Cases in this district have held that the party seeking relief under Rule 60(b)(6) must be faultless, and that if the party is "partly to blame," perhaps due to excusable neglect, "the party may proceed only pursuant to and within the time frame of Rule 60(b)(1)."[2] *Sullivan v. Makeco Plumbing, Ltd.*, No. 02 C 9475, 2004 WL

---

[2] Rule 60(b)(1) motions must be filed within one year of the entry of the judgment the movant seeks to amend. Fed. R. Civ. P. 60(b)(1).

1243892, at *2 (N.D. Ill. June 8, 2004) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). *See also Mid-America Tile, Inc. v. Bi Marmi, S.P.A.*, No. 92 C 3451, 2001 WL 321988, at *2 (N.D. Ill. Mar. 30, 2001) (denying a Rule 60(b)(6) motion to vacate where the movant's "current predicament is of its own making").

In this case, Plaintiffs argue that the extraordinary circumstance that warrants amending the dismissal order is Plaintiffs' "pressing need for the Springer Vaccine." (Pl.'s Reply at 4.) Plaintiffs also argue that parties' and Court's assumption that this Court had jurisdiction is extraordinary. (Pl.'s Reply at 5.) Plaintiffs identify several implications of the Court's lack of subject matter jurisdiction, including implications surrounding the administration of the trust established by the settlement agreement and Plaintiffs' attempts to resume production of the Springer Vaccine. (*Id.*)

While these implications are no doubt profound, the Court does not find that they are sufficiently extraordinary to warrant amendment of the dismissal order. Initially, the Court notes that Plaintiffs are not without fault. Plaintiffs stipulated to the dismissal, and Plaintiffs could have refrained from stipulating if the language used was anything other than what Plaintiffs desired. This area of the law is nuanced and difficult, and the parties may have a cogent argument that their oversight amounted to excusable neglect. But amendment of the dismissal order for excusable neglect should be brought under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1). The fact that the one-year time limit for bringing a Rule 60(b)(1) motion has passed does not render Rule 60(b)(6) applicable, as the two motions are mutually exclusive. *See, e.g., Brandon v. Chicago Bd. of Educ.*, 143 F.2d 293, 295 (7th Cir. 1998) ("Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive. Thus, if

the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." (quoting *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989)). Thus, the Court cannot amend the dismissal order under Rule 60(b)(6).

In addition, the Court notes that the circumstances that Plaintiffs suggest are extraordinary are of a different nature than those in which parties normally argue that Rule 60(b)(6) typically applies. The circumstances that Plaintiffs argue are extraordinary stem from the merits of Plaintiffs' case (e.g., the pressing need for the continued availability for the Springer vaccine). In the typical case addressing Rule 60(b)(6), the moving party arguing that the circumstances are extraordinary focuses on extraneous circumstances surrounding the judgment. *See, e.g., Barnes*, 2000 WL 1745180, at *6 (counsel's misrepresentation and conspiring with opposing counsel may constitute extraordinary circumstances); *Flowers v. Klatick*, 93 C 6606, 2004 WL 2005814, *4 (N.D. Ill. Sept. 1, 2004) (party argued that diminished mental capacity was extraordinary, although court questioned whether this "would be grounds for relief under Rule 60(b)(6)"); *Borello v. Allison*, 02-CV-51, 2006 WL 2224142, at *1 (S.D. Ill. Aug. 2, 2006) ("[I]neffective assistance of counsel is not an extraordinary circumstance."). Thus, while the Court appreciates the seriousness of Plaintiffs' circumstances, unfortunately the circumstances do not fall within the category of extraordinary circumstances in which Rule 60(b)(6) applies, and the Court denies Plaintiffs' motion to amend under Rule 60(b)(6).[3]

---

[3] In their Reply, Plaintiffs also suggest that the parties consented to this Court's jurisdiction on October 27, 2004, which divested Judge Gottschall of jurisdiction, in effect making her dismissal order a nullity. (Pl.'s Reply at 2-4.) The Court does not agree. Any consent to a magistrate judge's jurisdiction must be approved by the district judge. *See* Local R.

(continued...)

## III. Conclusion

For these reasons the Court holds that it does not have subject matter jurisdiction over the enforcement of the settlement agreement. The Court therefore grants Rosalind Franklin's motion and vacates the October 6 memorandum opinion and order. The Court denies Plaintiffs' motion to amend the dismissal order under Rule 60(a) and (b)(6).

**ENTER ORDER:**

*[signature]*
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: December 20, 2006.

---

[3](...continued)
73.1. The prior version of Local Rule 73.1, in effect on October 27, 2004, was even more explicit in this regard. In addition, the Executive Committee must approve parties' consent before the consent will be effective. *See Mormann v. Chater*, No. 95 C 4201, 1996 WL 312081, at *1 n.1 (N.D. Ill. June 7, 1996) (styling the opinion as a Report and Recommendation because the Executive Committee had not yet processed the parties' consent, and recognizing that without Executive Committee approval the consent is not effective). Here, Judge Gottschall did not approve the parties' consent until well after the dismissal order–until August 2006.

- 14 -

Copies have been mailed to:

| | |
|---|---|
| HALL ADAMS, III, Esq.<br>The Law Offices of Hall Adams, III<br>77 West Wacker Drive<br>Suite 4800<br>Chicago, IL 60601<br><br>Attorney for Plaintiffs | ERIC A. OESTERLE, Esq.<br>Sonnenschein Nath & Rosenthal, L.L.P.<br>7800 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606<br><br>Attorney for Defendant |